UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEATHA OZIER,

        Plaintiff,

v.

        Case No. 24-cv-1030-bhl

DAVID DERKS, JACALYN LABRE and
RACINE COUNTY,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

      On August 14, 2024, *pro se* Plaintiff Leatha Ozier filed a complaint against Racine County, David Derks, and Jacalyn LaBre, alleging that her home had been illegally searched in 2013 pursuant to an invalid search warrant. (ECF No. 1.) Ozier has not filed proof of service on Racine County and the County has not made an appearance in the case. Ozier has accomplished service, however, on Defendants Derks and LaBre, and both have moved to dismiss, arguing, among other things, that Ozier's Fourth Amendment claims are untimely. (ECF Nos. 8–11). Because the record confirms that the statute of limitations expired on Ozier's claims several years before she filed this lawsuit, the motions to dismiss will be granted and this case dismissed.

### BACKGROUND[1]

      Plaintiff Leatha Ozier resides at 1434 Riverview Terrace, Racine, WI 53404. (ECF No. 1 at 1–2.) Defendant David Derks was an Investigator with the Racine Police Department until his retirement in 2020. (*Id.* at 1; ECF No. 9 at 2.) Defendant Jacalyn LaBre is an Assistant District Attorney (ADA), presumably for Racine County. (ECF No. 1 at 1.) On May 29, 2013, Investigator Derks drafted an affidavit for a warrant to search Ozier's home and emailed the draft to ADA LaBre. (*Id.*) Ozier alleges that LaBre then notarized the affidavit outside of Derks's presence,

---

[1] This Background is derived from Plaintiff's complaint, (ECF No. 1), the allegations in which are presumed true when considering a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Where the complete is lacking in necessary detail, additional background facts have been taken from Defendants' motions to dismiss.

despite the document stating "[s]ubscribed and sworn to before me" above LaBre's signature. (*Id.*; ECF No. 9-2 at 5.)[2]  On May 30, 2013, Investigator Derks executed the search warrant, during which he "caused physical damage" to Ozier's property and took "property and money" belonging to Ozier.  (ECF No. 1 at 2.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)).  A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must, however, do more than "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Ozier alleges that her home was unlawfully searched, and her property improperly seized, based on the execution of a search warrant she contends was not notarized in person.  She claims the warrant was invalid because it "never went under oath or affirmation as required by both the [Fourth] Amendment of the United States Constitution and Wisconsin Constitution Article I section 11." (ECF No. 1 at 1–2.)  She further alleges that Derks and LaBre then took affirmative actions to conceal the invalidity of the search warrant.  (*Id.* at 2.)  Based on these allegations, Ozier

---

[2] Derks provided a copy of the search warrant and affidavit central to Ozier's dispute with his motion to dismiss.  "It is 'well-settled in [the Seventh Circuit] that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim.'" *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

claims Derks and LaBre violated her Fourth and Fourteenth Amendment rights and her rights under Article I, Section 11, of the Wisconsin Constitution. (*Id.*)

Among other arguments, Derks and LaBre contend Ozier's Fourth Amendment claims are time-barred.[3] Section 1983 claims must be brought within the statute of limitations for personal injuries in the state where the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Under Wisconsin law, the applicable statute of limitations for Ozier's claims is six years. *See Clincy v. Petropoulos*, No. 18-cv-1093-jps, 2019 WL 330530, at *2 (E.D. Wis. Jan. 25, 2019); Wis. Stat. § 893.53 (1979) (amended 2018). Thus, her suit was timely only if it was filed within six years of the date it accrued. Fourth Amendment claims accrue at the time of the search or seizure. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing *Wallace*, 549 U.S. at 396). In this case, the warrant Ozier challenges was executed on May 30, 2013. Ozier's deadline for filing suit challenging the search thus expired on May 30, 2019. But she did not file this case until August 14, 2024, more than five full years after the statute of limitations expired. Accordingly, her claims appear to be time-barred.

Ozier does not dispute the facts concerning the timing of her challenge but instead argues that the statute of limitations should be tolled. (ECF No. 12.) She alleges that defendants took steps to cover up the impropriety of the notarization of the affidavit supporting the warrant. She cites *State ex rel. Susedik v. Knutson*, 191 N.W.2d 23, 25–26 (Wis. 1971), in which the Wisconsin Supreme Court held that a defendant could be estopped from asserting a statute of limitations defense if the plaintiff's failure to file a timely claim was based on plaintiff's reliance on the defendant's fraudulent conduct. (ECF No. 12 at 3–4.) Ozier claims that defendants concealed the notarization impropriety until 2014 when Derks gave sworn testimony that his affidavit was sent to LaBre via email. (*See* ECF No. 18 at 2–3.)

It is not clear that *Knutson* applies in this context. Ozier alleges that defendants concealed the impropriety related to the search warrant affidavit, but she has not identified any specific misrepresentations either of them made to cover up the circumstances in which the affidavit was signed and search warrant issued. Accepting her allegations as true, LaBre did not swear in Derks in person before using the affidavit to obtain a search warrant. But there are no allegations of any

---

[3] Defendants also argue that they are entitled to qualified immunity and that Ozier's challenge to the notarization of the search warrant is both factually off base and irrelevant to the enforceability of the resulting search warrant. (ECF No. 9 at 6–9; ECF No. 11 at 4–5.) These arguments have merit, but given the clear untimeliness of the claims, the Court will limit its analysis to the statute of limitations defense.

further actions by defendants to cover up or conceal that failure (assuming it occurred). Absent additional misstatements or other misconduct by defendants that induced Ozier not to commence action in a timely manner, *Knutson* is inapplicable. *See Feldman v. Farris*, 921 N.W.2d 518, 2018 WL 4373754, at *7 (Wis. Ct. App. 2018) (unpublished table decision) (citing *Knutson*, 191 N.W.2d at 25–26).

Although she does not name the appropriate doctrine, Ozier appears to be invoking Wisconsin's discovery rule, under which the statute of limitation does not begin to run on a plaintiff's claim until the plaintiff knows, or with reasonable diligence should have known, of the existence of the underlying claim. *See Hansen v. A.H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983). But the discovery rule does not apply to Fourth Amendment claims. *Clincy*, 2019 WL 330530, at *3 (citing *Neita*, 830 F.3d at 498).

Most importantly, even if the discovery rule applied, Ozier's claims would still be untimely. She maintains that the circumstances of the alleged constitutional violation came out during Derks' sworn testimony in 2014. If the Court were to toll the limitations period until that date, her deadline to file the complaint would still have expired in 2020, more than four years before she filed this action. *See Clincy*, 2019 WL 330530, at *2.

Ozier's remaining arguments, to the extent they address Defendants' statute of limitations defense, do not change the outcome. She cites *Smith v. City of Chicago Heights*, 951 F.2d 834 (7th Cir. 1992), a Seventh Circuit case interpreting Illinois' fraudulent concealment statute, (*see* ECF No. 18 at 2), but neither that case nor that statute is applicable here. Ozier's other arguments and case citations are unrelated to the timeliness issue. (*See* ECF No. 12 at 2–4; ECF No. 18 at 1–3.) Accordingly, her Fourth Amendment claims are time-barred and must be dismissed.

Defendants' briefing focuses on Ozier's Fourth Amendment claims, but she also alleges generally that Derks and LaBre "den[ied] her equal protection of the law" and that the search of her home violated Article 1, Section 11 of the Wisconsin Constitution in addition to the Fourth Amendment. (ECF No. 1 at 2.) As to the first claim, Ozier's complaint contains no allegations that might support an equal protection claim under the Fourteenth Amendment, and any equal protection claim would be time-barred as well. *See Reget v. City of La Crosse*, 595 F.3d 691, 694–95 (7th Cir. 2010) (noting that equal protection claims arising in Wisconsin are subject to a six-year statute of limitations). Ozier's claims under the Wisconsin Constitution are also likely time-barred but given the Court's decision to dismiss Ozier's federal claims, it will decline to exercise

supplemental jurisdiction over any state-law claims she wishes to assert. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). Those claims will be dismissed without prejudice.

Racine County is also named as a defendant in this matter, but Ozier's complaint contains no allegations directed against the County. Ozier has also not provided any indication that she has served the County with the complaint despite the time for service having long passed. Accordingly, the Court will dismiss Ozier's claims against Racine County without prejudice for lack of service. *See* Fed. R. Civ. P. 4(m). Any Fourth Amendment claim against Racine County stemming from the May 30, 2013 search of Ozier's home would be likewise time-barred in any event.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because Ozier's Section 1983 claims are barred by the statute of limitations, any amendment would be futile.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant David Derks's Motion to Dismiss, ECF No. 8, and Defendant Jacalyn LaBre's Motion to Dismiss, ECF No. 10, are **GRANTED** and this case is **DISMISSED**. All state-law claims and any claims against Racine County are dismissed **without prejudice**. Ozier's Fourth Amendment claims against Derks and LaBre are dismissed **with prejudice** as untimely. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge